NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005886
16-MAY-2014
08:27 AM

NO. CAAP-13-0005886

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ALISON JOAN SANCHEZ, Plaintiff-Appellant,
v.
COUNTY OF KAUAʻI, KAUAʻI POLICE DEPARTMENT,
ERIC CASPILLO, BARRY DeBLAKE, Defendants-Appellees,
and
DOE INVESTIGATORS and OFFICERS, DOE INDIVIDUALS 1-10,
DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 10-1-0265)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal that Plaintiff-Appellant Alison Joan Sanchez (Appellant Sanchez) has asserted from three interlocutory orders the Honorable Kathleen N.A. Watanabe has entered:

(1)　the November 7, 2013 interlocutory "Order Granting Defendant Eric Caspillo's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013";

(2)　the November 7, 2013 interlocutory "Order Granting Defendants County of Kauaʻi and Kauaʻi Police Department's Joinder to Defendant Eric Caspillo's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013, Filed August 9, 2013";

(3) the November 7, 2013 interlocutory "Order Granting Defendant Barry DeBlake's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013[.]"

None of these three interlocutory orders are independently appealable, and the circuit court has not yet reduced any dispositive rulings to a separate, final judgment that resolves all of the parties' claims, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013) requires for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. When explaining the requirement for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of

> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis;
citation omitted). "Thus, based on Jenkins and HRCP Rule 58, an
order is not appealable, even if it resolves all claims against
the parties, until it has been reduced to a separate judgment."
Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177,
1186 (2008). Consequently, "[a]n appeal from an order that is
not reduced to a judgment in favor of or against the party by the
time the record is filed in the supreme court will be dismissed."
Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).
On February 5, 2014, the circuit court clerk filed the record on
appeal for appellate court case number CAAP-13-0005886, which
does not contain a final judgment.

Although exceptions to the final judgment requirement
exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848)
(the Forgay doctrine), the collateral order doctrine, and HRS
§ 641-1(b) (1993 & Supp. 2013), none of the three appealed
interlocutory orders can satisfy the requirements for
appealability under the Forgay doctrine, the collateral order
doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i
18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements
for appealability under the Forgay doctrine); Lambert v. Teisina,
131 Hawai'i 457, 462, 319 P.3d 376, 381 (2014) (regarding the two
requirements for appealability under the Forgay doctrine); Abrams
v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966
P.2d 631, 634 (1998) (regarding the three requirements for the

collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment that adjudicates all of the parties' claims, Appellant Sanchez's appeal is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005886 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 16, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-